FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 16, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELAINA L. IMANI, individually as Guardian-Advocate for NEHEMIAH EZEKIEL IMANI, NAH'SHON IMANI, IYANA IMANI, NAELAH IMANI, and ISRAEL IMANI,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, DSHS DIVISION OF DEVELOPMENTAL DISABILITIES, DSHS DIVISION OF CHILDREN AND FAMILY SERVICES, WASHINGTON STATE OFFICE OF ADMINISTRATIVE HEARINGS, LAUNI BURDGE, MARY C. MCLACHLAN, MIGDALIA SHACKLEFORD, MARY KIBBE, and LAURA CHRISTENSEN<br><br>Defendants. | No. 2:26-CV-00183-RLP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

Before the Court is Plaintiff Elaina Imani's Motion for Reconsideration, ECF No. 47. Ms. Imani asks the Court to reconsider the portion of its Order Granting Defendants' Motion to Dismiss In Part and Granting Leave to Amend, ECF No. 46, dismissing without leave to amend her individual capacity damages claims under 42 U.S.C. § 1983 against Defendants Launi Burdge, Migdalia Shackleford, Mary Kibbe, and Laura Christensen. Specifically, Ms. Imani contends she has now identified additional Ninth Circuit authority that more specifically addresses the conduct alleged and demonstrates that amendment of those claims would not be futile. ECF No. 47. Defendants oppose reconsideration, ECF No. 49, and Ms. Imani replied, ECF No. 52.

Ms. Imani filed her motion under Federal Rule of Civil Procedure 59(e). However, because no judgment has been entered, Rule 59(e) does not apply. The Court therefore construes Ms. Imani's motion as one for reconsideration under Rule 54(b). For the reasons explained below, the motion is denied.

## BACKGROUND

In her First Amended Complaint, Ms. Imani asserted claims under 42 U.S.C. § 1983 against Defendants Burdge, Shackleford, Kibbe, and Christensen in their individual and official capacities. ECF No. 8. Defendants moved to dismiss the individual capacity claims on qualified immunity grounds, arguing Ms. Imani had not identified clearly established law prohibiting the particular conduct alleged.

ECF No. 36 at 10-12. In response, Ms. Imani relied on *Troxel v. Granville*, 530 U.S. 57 (2000), *Santosky v. Kramer*, 455 U.S. 745 (1982), *Brown v. Board of Education*, 347 U.S. 483 (1954), and *Mathews v. Eldridge*, 424 U.S. 319 (1976), as establishing the constitutional rights underlying her claims. ECF No. 39 at 8-10.

The Court granted Defendants' motion to dismiss, in part. ECF No. 46. Relevant here, the Court concluded Ms. Imani failed to identify clearly established law sufficiently analogous to the alleged Child Protective Services (CPS) referral, reduction or denial of developmental disability services, enrollment in the Enhanced Case Management Program (ECMP), or conduct underlying her Fourth Amendment claim. *Id.* at 18-20. The Court therefore dismissed Counts I, II, and VI to the extent they sought damages against Defendants Burdge, Shackleford, Kibbe, and Christensen in their individual capacities. *Id.* The Court denied leave to amend those claims, concluding that additional factual allegations could not cure the qualified immunity deficiency. *Id.* at 36-38.

Ms. Imani seeks reconsideration of that ruling. ECF No. 47. She principally relies on *Capp v. County of San Diego*, 940 F.3d 1046 (9th Cir. 2019), and *Sampson v. County of Los Angeles*, 974 F.3d 1012 (9th Cir. 2020), which she contends clearly established that government officials may not retaliate against an individual for protected activity through child protection accusations or the administration of social services. ECF No. 47 at 5-6. She also relies on *Camara v.*

*Municipal Court*, 387 U.S. 523 (1967), and *Payton v. New York*, 445 U.S. 573 (1980), to argue that the Fourth Amendment's prohibition against warrantless entry into the home was clearly established. *Id.* at 6. Finally, Ms. Imani cites Service Episode Records obtained from the Washington State Department of Social and Health Services (DSHS), which she contends corroborate the retaliatory sequence alleged in her complaint. *Id.* at 6-8.

Defendants oppose reconsideration, arguing that Ms. Imani relies on authority and facts that were available before the Court entered its order granting Defendants' motion to dismiss in part, and that the newly cited cases do not undermine the Court's qualified immunity ruling. ECF No. 49 at 3-9.

## LEGAL PRINCIPLES

Federal Rule of Civil Procedure 59(e) applies to motions to alter or amend a judgment. But because the Court's Order Granting Defendants' Motion to Dismiss In Part and Granting Leave to Amend, ECF No. 46, did not resolve all claims in this action and no partial judgment was entered under Rule 54(b), Rule 59(e) does not apply. *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 466 (9th Cir. 1989). Rule 54(b), however, provides that an order adjudicating fewer than all claims or the rights and liabilities of fewer than all parties may be revised at any time before entry of final judgment. Fed. R. Civ. P. 54(b). The Court therefore construes Ms. Imani's motion as one brought under Rule 54(b).

"Reconsideration under Rule 54(b) is appropriate (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Schmidt v. City of Pasadena*, No. 25-488, 2026 WL 2980130, at *8 (9th Cir. Oct. 5, 2026) (citation modified). Reconsideration is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). Reconsideration may not be used to raise arguments or present evidence for the first time when they reasonably could have been raised earlier. *Id.*

Qualified immunity shields government officials from liability under § 1983 unless "(1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." *District of Columbia v. Wesby*, 583 U.S. 48, 62-63 (2018) (quotation omitted). Courts may address either requirement first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). A right is clearly established only if existing precedent places the constitutional question "beyond debate." *See Zorn v. Linton*, 607 U.S. 568, 572 (2026) (per curiam) (citation modified). Ordinarily, this requires identifying a case in which an official acting under similar circumstances was held to have violated the

Constitution. *Id.* The precedent must define the right with a high degree of specificity, such that every reasonable official would understand the particular conduct at issue is unlawful. *Id.* (citation omitted).

DISCUSSION

First, Ms. Imani fails to establish an intervening change in controlling law. The principal authorities on which she now relies—*Capp* and *Sampson*—were decided years before she opposed Defendants' motion to dismiss. Those cases do not establish an intervening change in the law.

Second, Ms. Imani fails to establish that the Service Episode Records cited in her motion constitute newly discovered or previously unavailable evidence. She states that she has since organized records obtained from DSHS, but she does not establish that those records were unavailable when the motion to dismiss was briefed or that the underlying events they document were previously unknown to her. *See* ECF No. 47 at 6-8.

Third, Ms. Imani fails to establish that the Court manifestly erred in its qualified immunity ruling. Although the First Amended Complaint alleged retaliation for exercising First Amendment rights, Ms. Imani failed to identify authority clearly establishing that the particular conduct alleged was unconstitutional. *See* ECF No. 39 at 8-9. Instead, she relied on cases concerning parental autonomy, equal protection, and procedural due process, none of which

addressed sufficiently analogous conduct. *See* ECF No. 39 at 9; ECF No. 46 at 18-19.

Even considering the authorities Ms. Imani now identifies, they do not establish manifest error of law. In *Capp*, a father criticized a child welfare investigation involving his minor children, after which a social worker allegedly coerced the children's mother into seeking sole custody through an ex parte application. *Capp*, 940 F.3d at 1050-52. The Ninth Circuit concluded that the father plausibly alleged First Amendment retaliation and that the social worker was not entitled to qualified immunity. *Id.* at 1057-59. The court held that a reasonable official would have known that threatening to terminate a parent's custody of his children in retaliation for protected speech violated the First Amendment. *Id.* at 1058-59.

In *Sampson*, a legal guardian alleged that social service officials retaliated against her complaints of misconduct by withholding reimbursement funds, falsely accusing her of failing to comply with home-visit requirements, and making false allegations of abuse and neglect that ultimately resulted in the temporary removal of her minor niece from her custody. *Sampson*, 974 F.3d at 1016-20. Relying on *Capp*, the Ninth Circuit held that officials had fair notice that falsely accusing a guardian of abuse and neglect and seeking to remove a child from her custody in retaliation for protected speech violated clearly established First Amendment

rights. *Id.* at 1019-20. The court therefore vacated the grant of qualified immunity and remanded for consideration of whether Sampson plausibly alleged a constitutional violation. *Id.* at 1020.

Here, unlike the plaintiffs in those cases, Ms. Imani does not allege that Defendants threatened or sought to terminate her custody of a minor child in response to protected speech. Although she alleges retaliatory CPS referrals and decisions concerning her adult son's developmental disability services, including his enrollment in the ECMP, she identifies no comparable threat to her custody of a minor child. *See* ECF No. 8 at 17-18, 23, 29. Neither *Capp* nor *Sampson* addressed retaliation through the administration of services to an adult family member or clearly established that such conduct violated the First Amendment. Accordingly, those cases do not place the constitutionality of the particular conduct alleged here beyond debate.

Ms. Imani's reliance on *Camara* and *Payton* likewise does not establish manifest error in the Court's qualified immunity ruling. *Camara* held that administrative housing inspections generally require a warrant, while *Payton* prohibited warrantless, nonconsensual entry into a home to make a routine felony arrest. *See Camara*, 387 U.S. at 534, 539-40; *Payton*, 445 U.S. at 576. Ms. Imani contends that Nehemiah's enrollment in the ECMP authorizes warrantless entry into her home under RCW 71A.12.320. ECF No. 8 at 23; *see also* ECF No. 47 at 6.

But as the Court previously explained, that statute authorizes home visits, including unannounced visits, but not warrantless entry. ECF No. 46 at 32. Nor does Ms. Imani allege that Defendants actually entered her home without a warrant or consent. *See* ECF No. 8 at 23; ECF No. 47 at 6. Accordingly, neither *Camara* nor *Payton* undermines the Court's qualified immunity ruling.

Finally, Ms. Imani fails to establish manifest injustice. She argues that the Court denied leave to amend without reaching the merits of her constitutional claims. *See* ECF No. 47 at 8. Although the Court did not decide whether Defendants' conduct violated the Constitution, it did reach the merits of the clearly established prong of the qualified immunity analysis and concluded that Ms. Imani had not shown that the alleged conduct violated clearly established law. *See* ECF No. 46 at 18-20. Courts may address either prong of the qualified immunity analysis first. *Pearson*, 555 U.S. at 236. The Court therefore resolved the qualified immunity defense on a permissible ground, and Ms. Imani has not shown that doing so resulted in manifest injustice.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff Elaina Imani's Motion for Reconsideration, **ECF No. 47**, is **DENIED**.

**IT IS SO ORDERED.**

The District Court Clerk is directed to enter this Order and forward copies to Ms. Imani and counsel.

DATED November 16, 2026.

REBECCA L. PENNELL
United States District Judge